**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |
|---|---|
| In re: | : |
|  | : Chapter 11 |
| KATERRA INC., *et al.*, | : |
|  | : Case No. 21-31861 (DRJ) |
|  | : |
| Debtors. | : (Jointly Administered) |
|  | : |
| KATERRA INC., by and through Daniel R. Williams, as Plan Administrator on behalf of Katerra Inc. and related debtors | : |
|  | : |
|  | : |
|  | : Adv. No. |
| Plaintiff, | : |
|  | : |
| v. | : |
|  | : |
| Deloitte & Touche LLP | : |
|  | : |
|  | : |
| Defendant | : |

**WIND-DOWN DEBTORS' <u>EMERGENCY</u> MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE WIND-DOWN DEBTORS TO FILE A COMPLAINT IN THIS <u>COURT AGAINST DELOITTE & TOUCHE LLP UNDER SEAL</u>**

> **This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing. Represented parties should act through their attorney.**
>
> **Emergency relief has been requested. If the Court considers the motion on an emergency basis, then you will have less than 21 days to answer. If you object to the requested relief or if you believe that the emergency consideration is not warranted, you must either appear at the hearing or file a written response prior to the hearing. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested. Relief is requested not later than <u>January 6, 2023</u>.**

> **Emergency relief has been requested. Relief is being sought without the necessity of a hearing. Should the Court conduct a hearing, the hearing will be held in Courtroom 400, 4th floor, 515 Rusk, Houston, Texas 77002. You may participate in the hearing either in person or by audio/video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at (832) 917-1510. You will be responsible for your own long distance charges. Once connected, you will be asked to enter the conference room number. Judge Jones's conference room number is 205691.**
>
> **You may view video via GoToMeeting. To use GoToMeeting, the Court recommends that you download the free GoToMeeting application. To connect, you should enter the meeting code "JudgeJones" in the GoToMeeting app or click the link on Judge Jones's home page on the Southern District of Texas website. Once connected, click the settings icon in the upper right corner and enter your name under the personal information setting.**
>
> **Hearing appearances must be made electronically in advance of the hearing. To make your electronic appearance, go to the Southern District of Texas website and select "Bankruptcy Court" from the top menu. Select "Judges' Procedures," then "View Home Page" for Judge Jones. Under "Electronic Appearance" select "Click here to submit Electronic Appearance". Select "Katerra," complete the required fields and click "Submit" to complete your appearance.**

The above-captioned wind-down debtors (the "Wind-Down Debtors" or the "Debtors"), by and through Daniel R. Williams, in his capacity as the Plan Administrator for the Wind-Down Debtors' estates (the "Plan Administrator"), hereby files the *Wind-Down Debtors' Emergency Motion for Entry of an Order Authorizing the Wind-Down Debtors to file a Complaint in this Court Against Deloitte & Touche LLP Under Seal* (the "Motion to Seal"), and in support thereof, respectfully submit as follows:

### JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The Wind-Down Debtors confirm their consent, pursuant to Bankruptcy Rule 7008, to the entry of a final order by the Court.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**BACKGROUND**

3. On June 6, 2021 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Bankruptcy Court").

4. On October 21, 2021, the Bankruptcy Court entered the *Order (I) Approving the Disclosure Statement and (II) Confirming the Amended Joint Chapter 11 Plan of Katerra Inc. and Its Debtor Subsidiaries* [Docket No. 1372] (the "Confirmation Order"), which confirmed the *Amended Joint Chapter 11 Plan of Katerra Inc. and Its Debtor Subsidiaries* [Docket No. 1338] (as may be amended, supplemented, or otherwise modified from time to time, and including all exhibits and supplements thereto, the "Plan")[1] and appointed Daniel R. Williams of JS Held, LLC as the sole manager and sole officer of the Wind-Down Debtors as of the effective date of the Plan.

5. On October 29, 2021, the Debtors filed the *Notice of Occurrence of the Effective Date of the Amended Joint Chapter 11 Plan of Katerra Inc. and its Debtor Subsidiaries* setting October 29, 2021, as the effective date (the "Effective Date") [Docket No. 1422].

6. The Plan and Confirmation Order preserve the Plan Administrator's right to prosecute Causes of Action against an Entity, except as otherwise expressly provided in the Plan. *See* Plan at Article IV, ¶ N. Specifically, the Plan preserves the Plan Administrator's authority to investigate and prosecute Causes of Action against Katerra Inc.'s former "independent" auditor, Deloitte & Touche LLP ("Deloitte").

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Plan.

7. Any engagement letters, including any arbitration clauses contained therein, between Deloitte and Katerra were rejected by operation of the Plan. Specifically, the Plan sets forth that:

> …each Executory Contract and Unexpired Lease not previously rejected, assumed, or assumed and assigned…shall be deemed automatically rejected pursuant to sections 365 and 1123 of the Bankruptcy Code, unless such Executory Contract or Unexpired Lease: (1) is specifically described in the Plan as to be assumed in connection with Confirmation of the Plan, is specifically scheduled to be assumed or assumed and assigned pursuant to the Plan or the Plan Supplement, including the Schedule of Assumed Executory Contracts and Unexpired Leases, or otherwise is specifically described in the Plan to not be rejected…

Plan, at Article V, ¶ A.

8. The Wind-Down Debtors, by and through the Plan Administrator, are winding down the Wind-Down Debtors' estates in accordance with the Plan and Confirmation Order. Specifically, the Wind-Down Debtors are filing omnibus objections to Claims and pursuing certain litigation claims and Causes of Action, including litigation against Deloitte.

9. On December 31, 2022, concurrently with the filing of the Motion to Seal, the Wind-Down Debtors filed a complaint (the "Complaint") against Deloitte [Adv. Pro. Docket No. 1] asserting claims for, among others, breach of contract, professional negligence/malpractice, negligent misrepresentation, and fraudulent transfer. The Complaint refers to documents and information which were obtained pursuant to the *Stipulated Confidentiality Agreement and Protective Order* (the "Protective Order") [D.I. 639]. Therefore, in order for the Wind-Down Debtors to remain in compliance with the Protective Order, the Complaint must be filed mostly under seal in the first instance.

10. Given the nature of the litigation and the severity of the allegations contained in the Complaint, the Wind-Down Debtors request that the Court allow the Complaint to be filed under seal. Likewise, much of the analysis is based upon confidential commercial information that

should not be publicly filed without the Plan Administrator first meeting and conferring with Deloitte . For these reasons, the Wind-Down Debtors request that the Court approve the Motion to Seal and enter the order (the "Order") attached hereto as **Exhibit A**. At the earliest time possible, but in no event greater than twenty-one (21) days from the date of an order granting this Motion, the Plan Administrator will meet and confer with Deloitte so that the most complete public version of the Complaint can be filed with this Court.

## EMERGENCY RELIEF REQUESTED

11. The Motion to Seal is being filed on an emergency basis because, contemporaneously with the filing of this Motion, the Wind-Down Debtors filed the Complaint under seal pending a ruling by the Court.

12. The Wind-Down Debtors seek entry of the Order, substantially in the form attached hereto, authorizing the Complaint to remain filed under seal.

13. Pursuant to Local Rule 9037-1(d), a redacted version has not been filed with this Motion to Seal as it is impracticable to redact all of the confidential information given the length and detail of the Complaint. However, as set forth herein, at the earliest time possible, but in no event greater than twenty-one (21) days from the date of an order granting this Motion, the Plan Administrator will meet and confer with Deloitte so that the most complete public version of the Complaint can be filed with this Court can be filed shortly thereafter.

## BASIS FOR RELIEF

14. The statutory bases for the relief requested herein are sections 105(a) and 107(b) of the Bankruptcy Code, Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 9037-1 and 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

15. Section 105(a) of the Bankruptcy Code, in turn, codifies the inherent equitable powers of bankruptcy courts and empowers them to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

16. In addition, pursuant to section 107(b) of the Bankruptcy Code, a bankruptcy court must protect entities from potential harm that may result from the disclosure of certain confidential information. 11 U.S.C. § 107(b). Specifically, section 107(b) provides, in relevant part:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . .

*Id*.

17. Bankruptcy Rule 9018 sets forth the procedures by which a party may obtain a protective order authorizing the filing of a document under seal. Bankruptcy Rule 9018 provides, in relevant part, that "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018. Further, Bankruptcy Local Rule 9037-1(d) provides, in relevant part, that when it may be practicable to redact confidential information from a document, "(i) a redacted document should be filed, not under seal; and (ii) the unredacted document should simultaneously be filed, under seal." The statute, on its face, states that the bankruptcy court is required to protect such an entity on request of a party in interest. *In re 50-Off Stores, Inc.*, 213 B.R. 646, 655–56 (Bankr. W.D. Tex. 1997). Stated differently, section 107(b) of the Bankruptcy Code does not require a party seeking its protections to demonstrate "good cause." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 28 (2d Cir. 1994). "Courts have supervisory power over their records and files and may deny access to those records and files to

prevent them from being used for an improper purpose." *Certain Underwriters at Lloyds v. Future Asbestos Claim Representative (In re Kaiser Aluminum Corp.)*, 327 B.R. 554, 560 (D. Del. 2005). Courts are required to provide such protections "generally where open inspection may be used as a vehicle for improper purposes." *In re Orion Pictures Corp.*, 21 F.3d at 27. Indeed, the "authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice." *See In re Glob. Crossing Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y 2003).

18. Confidential commercial information is information that, if disclosed, would result in "an unfair advantage to competitors by providing them information as to the commercial operations of the debtor." *Wyndham Vacation Resorts, Inc. v. Faucett (In re Faucett)*, 438 B.R. 564, 567 (Bankr. W.D. Tex. 2010) (*quoting Orion Pictures Corp.*, 21 F.3d at 27). Commercial information need not rise to the level of a trade secret to be protected under section 107(b) of the Bankruptcy Code. *See In re Northstar Energy, Inc.*, 315 B.R. 425, 429 (Bankr. E.D. Tex. 2004) ("A bankruptcy court is required to seal 'documentary information filed in court that does not rise to the level of a trade secret but that is so critical to the operations of the entity seeking the protective order that its disclosure will unfairly benefit that entity's competitors.'"); *see also In re Orion Pictures Corp.*, 21 F.3d at 27–28 (holding that section 107(b)(1) creates an exception to the general rule that court records are open to examination by the public and, under this exception, an interested party must show only that the information it wishes to seal is "confidential" and "commercial" in nature).

19. The Complaint refers to documents and information which were obtained pursuant to the Protective Order. Therefore, in order for the Wind-Down Debtors to remain in compliance with the Protective Order, the Complaint must be filed under seal in the first instance. For the

reasons stated herein, the Wind-Down Debtors seek to protect the commercially sensitive information that should remain confidential. The Wind-Down Debtors believe that public disclosure of the information could potentially harm Deloitte without first meeting and conferring with Deloitte concerning the averments in the Complaint.

20. Similar to the cases cited herein, the information contained in the Complaint falls within the spirit and intent of section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018. The Complaint contains confidential and sensitive information which requires that the Complaint be sealed from the general public.

WHEREFORE, the Wind-Down Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto, granting the relief requested in this Motion to Seal, pending a meet and confer, and granting such other and further relief as appropriate under the circumstances.

Dated: December 31, 2022

| | |
|---|---|
| William Stassen (admitted *pro hac vice*)<br>2000 Market St.<br>20th Floor<br>Philadelphia, PA 19103-3222<br>Telephone: (215) 299-2853<br>Facsimile: (215) 299-2150<br>E-mail: wstassen@foxrothschild.com<br><br>-and-<br><br>Michael A. Sweet (admitted *pro hac vice*)<br>345 California Street, Suite 2200<br>San Francisco, California 94104<br>Telephone: (415) 364-5540<br>Facsimile: (415) 391-4436<br>E-mail: msweet@foxrothschild.com<br><br>-and-<br><br>Gordon E. Gouveia (admitted *pro hac vice*)<br>321 North Clark Street, Suite 1600<br>Chicago, IL 60654<br>Telephone: (312) 980-3816<br>Facsimile: (312) 517-9201<br>E-mail: ggouveia@foxrothschild.com | */s/ Trey A. Monsour*<br>Trey A. Monsour, Esq.<br>(Tex. Bar No. 14277200)<br>David G. Crooks, Esq.<br>(Tex. Bar No. 24028168)<br>Adam T. Hamilton, Esq.<br>(Tex. Bar No. 24087655)<br>Fox Rothschild LLP<br>Saint Ann Court<br>2501 North Harwood Street, Suite 1800<br>Dallas, TX  75201<br>Telephone:  (214) 231-5796<br>Facsimile:  (972) 404-0516<br>Mobile:  (713) 927-7469<br>E-mail: tmonsour@foxrothschild.com<br>E-mail: dcrooks@foxrothschild.com<br>E-mail: ahamilton@foxrothschild.com<br><br>*Counsel to the Plan Administrator* |